**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-0751-WJM-MEH

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, LOCAL NO. 7

    Plaintiff,

v.

KAISER FOUNDATION HEALTH PLAN OF COLORADO, and
COLORADO PERMANENTE MEDICAL GROUP, P.C.

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff United Food and Commercial Workers International Union, Local No. 7 ("Plaintiff" or "Union") brings this action against Defendants Kaiser Foundation Health Plan of Colorado and Colorado Permanente Medical Group, P.C. (together "Kaiser") seeking to vacate an arbitration award. Before the Court are the parties' cross-motions for summary judgment. (ECF Nos. 17 & 18.) For the reasons set forth below, the Union's Motion for Summary Judgment is denied and Kaiser's Motion for Summary Judgment is granted. The December 31, 2010 arbitration award of Mariann E. Schick is affirmed.

**I.  LEGAL STANDARD**

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The Union and Kaiser are signatories to a Collective Bargaining Agreement ("CBA") that governs health care employees working at Kaiser's facilities in Colorado. (Compl. (ECF No. 1) ¶ 3; CBA (ECF No. 1-1).) Article 23, Section 3(a) of the CBA states: "The Employer shall not discharge any employee except for good and sufficient cause." (CBA at 85.) The CBA provides that any controversies involving interpretation or application of the agreement shall be resolved through a contractual resolution and/or grievance process. (*Id*. at 88.) If the parties are unable to resolve the issue

through the grievance process, they may attempt arbitration and the arbitrator's "decision and award shall be final and binding upon the parties."  (*Id*. at 89.)

Grievant Marge R. Golden was employed by Kaiser as Advanced Practice Nurse ("APN").  As part of her APN license, Golden was permitted to prescribe medication as long as she had a collaborative agreement with a physician under which the physician would supervise Golden's work.  (Award (ECF No. 1-2) at 1.)  Golden had a collaborative agreement with a physician that worked in the same Kaiser facility where she was employed.  (*Id*.)  However, Golden's supervising physician terminated their collaborative agreement effective September 2009.  (*Id*.)  Golden was unable to find another physician that would enter into a collaborative agreement with her.  (*Id*.)  Therefore, she was unable to continue working as an APN.  (*Id*.)

Kaiser offered Golden a position as a registered nurse ("R.N.") but Golden declined because she would have been required to give up her certification to prescribe medication.  (*Id*.)  Because Golden could not work as an APN without a collaborative agreement and would not accept a position as an R.N., she was terminated by Kaiser in November 2009.  (*Id*.)

The Union filed a grievance on behalf of Golden alleging that Kaiser violated the CBA by terminating Golden without "good and sufficient cause", as was required by Article 23.  (ECF No. 18-15.)  This grievance proceeded through the various stages of the contractually-mandated process and was ultimately submitted to arbitration.  (ECF Nos. 18-17 & 18-18.)

In August 2010, the parties held an arbitration before Arbitrator Mariann E.

Schick.  (Award at 2.)  The Union argued that Kaiser violated the CBA by disciplining and discharging Golden without "good and sufficient cause."  (*Id*. at 12-14.)  Kaiser argued that the "good and sufficient cause" provision did not apply because Golden's discharge was not the result of a disciplinary proceeding.  (*Id*. at 14-15.)  Kaiser took the position that Golden's inability to prescribe medication because of the lack of a collaborative agreement with a physician made her unable to perform an essential function of her job.  (*Id*.)  In the alternative, Kaiser argued that it had good and sufficient cause to terminate Golden based on her inability to prescribe medication and her refusal to accept an R.N. position.  (*Id*. at 15.)

In a twenty-page Opinion and Award ("Award"), Arbitrator Schick agreed with the arguments put forth by Kaiser.  (ECF No. 1-2.)  She found that the "good and sufficient cause" requirement of Article 23 did not apply to Golden's termination because "there was nothing disciplinary in the nature of the separation; indeed [Kaiser] maintains that unlike employees terminated for cause, this grievant maintained all rights of recall to employment."  (*Id*. at 16-17.)  Arbitrator Schick also found that Golden's refusal to accept an R.N. position "must be viewed as a voluntary one."  (*Id*. at 17.)  As an alternate holding, Arbitrator Schick stated:  "Even if the 'good and sufficient' cause provisions were found to be applicable, I would find such cause existed here for suspension and termination, again because the grievant's participation in a collaborative agreement was a predicate to continued employment with [Kaiser]."  (*Id*. at 18-19.)  Ultimately, Arbitrator Schick denied the Union's grievance.  (*Id*. at 20.)

### III.  ANALYSIS

The Union here asks the Court to vacate Arbitrator Schick's Award.  (Compl. at 8.)  In a counter-claim, Kaiser asks the Court to affirm the Award.  (ECF No. 15 at 10.)  Thus, the only issue before the Court is whether the Award should be vacated or affirmed.

The standard of review of arbitral awards is among the narrowest known to the law.  *See Litvak Packing Co. v. United Food & Commercial Workers, Local Union No. 7*, 886 F.2d 275, 276 (10th Cir. 1989); *see also International Broth. of Elec. Workers, Local Union No. 611, AFL-CIO v. Public Service Co. of New Mexico*, 980 F.2d 616, 618 (10th Cir. 1992).  The arbitrator's decision will be enforced if it draws its essence from the parties' agreements and is not merely the arbitrator's own brand of industrial justice.  *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960).  Courts are not authorized to reconsider the merits of an award even though the parties may allege the award rests on errors of fact or misinterpretations of the parties' agreement.  *United Paperworkers Int'l Union, AFL—CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987); *Cal–Circuit ABCO, Inc. v. Solbourne Computer, Inc.*, 848 F.Supp. 1506, 1510 (D. Colo. 1994).  As a result, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."  *Misco*, 484 U.S. at 38.

The Union contends that the Court should vacate Arbitrator Schick's Award because it "does not draw its essence from the collective bargaining agreement."  (ECF

No. 20 at 3.)  The Union argues that there is no support in the CBA for Arbitrator Schick's ruling that Article 23's "good and sufficient cause" requirement did not apply.  (ECF No. 1-2 at 16-17.)  The Union contends that, because Arbitrator Schick's holding regarding the applicability of Article 23 is not supported by the terms of the CBA, the entire Award must be vacated.

Even if the Court were to agree with the Union with respect to whether there is any support in the CBA for Arbitrator Schick's ruling that Article 23's "good and sufficient cause" requirement did not apply, the Court would not vacate the Award.  Arbitrator Schick clearly set forth an alternate basis for her finding in favor of Kaiser: "Even if the 'good and sufficient' cause provisions were found to be applicable, I would find such cause existed here for suspension and termination, again because grievant's participation in a collaborative agreement was a predicate to continued employment with the Employer."  (ECF No. 1-2 at 18-19.)  In its briefing before the Court, the Union focuses solely on the first holding and argues that the alternate holding is "flatly irrelevant."  (ECF No. 20 at 10.)  The Court disagrees.  The Arbitrator clearly set forth two alternate grounds for her ruling and the Court cannot simply ignore one of the two.

The Union fails to provide any basis for why Arbitrator Schick's finding that there was "good and sufficient cause" for Ms. Golden's termination fails to draw its essence from the CBA or is Arbitrator Schick's "own brand of industrial justice."  *Enterprise Wheel & Car Corp.*, 363 U.S. at 597.  Rather, the case law is clear that this is the type of finding that the Court is not permitted to reconsider.  *See Misco*, 484 U.S. at 36; *Local No. 7 United Food & Commercial Workers Int'l Union v. King Soopers, Inc.*, 222 F.3d 1223, 1228-29 (10th Cir. 2000).  Under the highly deferential standard that applies

to the Court's review of an arbitration award, the Court cannot say that Arbitrator Schick's decision in this case should be vacated.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Union's Motion for Summary Judgment (ECF No. 17) is DENIED;

2. Kaiser's Motion for Summary Judgment (ECF No. 18) is GRANTED;

3. Arbitrator Schick's December 31, 2010 Arbitration Award is CONFIRMED; and

4. The Clerk shall enter judgment in favor of Defendants; and

5. Defendants shall be awarded their costs.

Dated this 23rd day of April, 2012.

BY THE COURT:

William J. Martínez
United States District Judge